**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
THOMAS FREDERICK,             :
                              :   Civil Action No. 04-519(FSH)
            Petitioner,       :
                              :
        v.                    :        O P I N I O N
                              :
ROY L. HENDRICKS, et al.,     :
                              :
            Respondents.      :
_____:

**APPEARANCES:**

Thomas Frederick, Pro Se
#227759 1883
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Steven J. Zweig
Deputy Attorney General
Office of New Jersey Attorney General
Department of Law & Public Safety
Richard J. Hughes Justice Complex
P.O. Box 086
Trenton, New Jersey 08625
Attorney for Respondent

**HOCHBERG**, District Judge

Petitioner, Thomas Frederick, filed the within petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Respondent has filed an Answer. The Court has considered all submissions. For the reasons set forth below, the Petition will be denied.

**BACKGROUND**

1.  <u>Factual Background</u>

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation:

> At approximately 8:00 a.m. on September 14, 1993, Violetta Lim returned to her home in Jersey City after driving her husband to the PATH train station. As she pulled the blue Toyota van into the driveway of her home, Ms. Lim observed defendant, who she described as athletically built and wearing a white "Muslim hat," and a co-defendant, Dennis Spivey, walking on the sidewalk. As she exited the van, she was approached by defendant who demanded that she give him the keys to her van. She refused, whereupon defendant grabbed her arm. She immediately sat on the driveway and handed the keys to defendant. Defendant ordered her to get into the van and when she protested, he displayed the silver handle of a handgun. She entered the van and observed Spivey who was seated in the back seat. Defendant drove the van out of the driveway and threatened Ms. Lim not to call the police or he would come back and kill her. After a few blocks, defendant stopped the van and ordered Ms. Lim to get out informing her that he would leave the van at "McDonald's" on Journal Square.
>
> Ms. Lim returned to her home and with her nephew proceeded to the McDonald's on Journal Square where they were unable to observe the van. After consulting with her husband, Ms. Lim contacted the Jersey City Police. On two occasions, one shortly after the incident, and the second, a week after the incident, Ms. Lim was unable to identify defendant from photographs produced by the police. She was, however, able to identify defendant's voice on a tape recording played for her.
>
> At approximately 9:50 p.m. on the day of the carjacking, Trooper Wes Starling, a North Carolina State Trooper was on traffic patrol monitoring traffic proceeding south on Interstate 95 in North Carolina when he observed a blue Toyota van proceeding at eighty-one miles per hour.

>    After the vehicle was stopped, Trooper Starling questioned defendant, the driver, who indicated that he did not have a license nor a registration as the van belonged to his sister.  A radio check revealed that the van had been stolen from Jersey City.  Defendant then told the trooper that the van had been purchased from a "Jerry" that morning at McDonald's in Jersey City.  In the van, the trooper observed approximately six to eight .38 caliber bullets.  No handgun was found.  Defendant was placed under arrest and, ultimately, returned to New Jersey to respond to these charges.

(State v. Fredericks, A-7156-95T4 (April 13, 1998), pp. 2-4).

2.  Procedural History

Following a jury trial, Petitioner was convicted of first degree carjacking, contrary to N.J.S.A. 2C:15-2, first-degree armed robbery, contrary to N.J.S.A. 2C:15-1, first-degree kidnapping, contrary to N.J.S.A. 2C:13-1b, second-degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4a, and unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b.

On May 21, 1996, Petitioner was sentenced to an aggregate prison term of sixty years with a twenty-five year period of parole ineligibility.

Petitioner thereafter filed a Notice of Appeal and on April 14, 1998, Petitioner's conviction and sentence were affirmed by the Superior Court of New Jersey, Appellate Division. Petitioner then filed a motion for certification with the New Jersey Supreme Court, which was denied on May 4, 1999.

Petitioner next filed a petition for Post-Conviction Relief ("PCR"), and on May 11, 2000, said petition was denied by the

3

Superior Court of New Jersey, Law Division.  Petitioner appealed and on December 17, 2002, his appeal was denied.  On May 8, 2003, Petitioner's motion for certification to the New Jersey Supreme Court was denied.  On February 5, 2004, Petitioner filed the instant Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.

## DISCUSSION

**Petitioner's Claims.**

Petitioner asserts the following arguments for habeas relief:

> Ground One - Ineffective Assistance of Trial Counsel for failure to request a Wade hearing, failure to challenge the admissibility of the voice and in-court identifications of Petitioner, failure to ensure the jury was properly charged on identification, failure to file post trial motions, failure to object to the improper sentencing of Petitioner and failure to adequately investigate the facts of the case to present a meaningful defense.
>
> Ground Two - Ineffective Assistance of Appellate Counsel for failure to adequately examine and argue the pertinent legal and factual issues pertaining to appeal and for failure to consult with Petitioner.
>
> Ground Three - Evidence was Insufficient to establish Petitioner's guilt beyond a reasonable doubt.
>
> Ground Four - Trial Court Erred in failing to grant Petitioner an evidentiary hearing for PCR petition.
>
> Ground Five - Insufficient Evidence to establish Petitioner's guilt beyond a reasonable doubt.
>
> Ground Six - Ineffective Assistance of Trial and Appellate Counsel for failure to assert the unreliability of cross-racial identification.
>
> Ground Seven - Trial Court Erred by admitting the victim's voice identification of Petitioner and

4

>    allowing the prosecutor to elicit an in-court identification.

See Petition for Writ of Habeas Corpus.

**Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that the district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts.  See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus.  The statute reads as follows:

>    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>    >    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

5

>     (2) resulted in a decision that was based on
>     an unreasonable determination of the facts in
>     light of the evidence presented in the State
>     court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court explained the application of § 2254(d)(1).  The Court analyzed subsection 1 as two clauses:  the "contrary to" clause and the "unreasonable application" clause.  The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id.</u>  A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  Habeas relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. <u>See</u> <u>id.</u> at 411; <u>see</u> <u>also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir.), <u>cert.</u> <u>denied</u>, <u>Matteo v.</u>

Brennan, 528 U.S. 824 (1999).  Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record.  See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001).  In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations.  See id.  Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence.  See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)).  "A finding that is well-supported and subject to the presumption of correctness is not unreasonable."  Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

Furthermore, federal habeas courts ordinarily refrain from revisiting credibility determinations as "it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on

7

habeas review." Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). A habeas petitioner therefore "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**Petitioner's Grounds One, Two and Six - Ineffective Assistance of Counsel.**

Petitioner argues in Ground One of his Petition that trial counsel was ineffective because he failed to request a Wade hearing to exclude the in-court and out-of-court identifications. Petitioner further argues that trial counsel also failed to ensure jury was properly charged on the in-court and out-of-court identifications, failed to communicate with Petitioner before, during and after the trial, failed to adequately investigate the facts of the case and failed at sentencing to object to the excessive sentence imposed upon Petitioner.

Petitioner alleges in Ground Two that appellate counsel was ineffective for not adequately examining and arguing the pertinent legal and factual issues pertaining to identification and trial counsel's alleged ineffectiveness and for failing to communicate with Petitioner sufficiently.

Petitioner argues in Ground Six that trial and appellate counsel were ineffective for not asserting the unreliability of cross-racial identification pursuant to State v. Cromedy, 158 N.J. 112, 727 A.2d 457 (1999).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that in order to establish that trial counsel is ineffective, the petitioner must show that "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed . . . by the Sixth Amendment," and "that the deficient performance prejudiced the defense." Id. at 687. In order to establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Fritz, 105 N.J. 42, 60-61 (1997)(quoting Strickland, 466 U.S. at 694). "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. The Supreme Court further explained:

9

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Id. at 689 (citations omitted); see also Virgin Islands v. Wheatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996), cert. denied 519 U.S. 1020 (1996).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004); Wright v. Vaughn, 2004 WL 1687865, *6, n.10 (E.D. Pa. July 26, 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective

10

"if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Moreover, in order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal.  See Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999), cert. dismissed, 527 U.S. 1050 (1999).

Petitioner raised a significant portion of these same issues of ineffective counsel in the state courts in his petition for PCR.  The Superior Court of New Jersey, Appellate Division reviewed the state courts denial of Petitioner's PCR, and citing Strickland, found that Petitioner had not made a prima facie showing of ineffective assistance.  The appellate court found:

> . . . We have carefully reviewed the record and defendant's contentions and conclude that they are without merit . . . the thrust of defendant's various claims of ineffective assistance of counsel focused on counsel's alleged failures regarding the issue of identification . . . [and] while the victim's equivocations and explanations may have discredited her identification of defendant, ultimately, the issue was for the jurors to decide, and they decided that issue against defendant . . . the identification was critical but not dispositive . . . Defendant has failed [therefore] to meet the second prong of the Strickland analysis.  The cumulative weight of the evidence, albeit circumstantial, convinces us that counsel's deficiencies did not cause sufficient prejudice to

11

>change the finding of the jury.  Such finding obviates
>the necessity for a [Wade] hearing . . . [and the
>determination in Cromedy was decided four years after
>the trial in this matter.

See Opinion of Superior Court of New Jersey, Appellate Division, dated December 17, 2002 (internal citations omitted).

After a thorough review of the state court record, this Court agrees that Petitioner has not demonstrated that either trial or appellate counsel were ineffective under the Strickland standard.  Even had trial and appellate counsel performed as desired by Petitioner, they would not have been successful, as the state record clearly indicates that the trial court would not have held a Wade hearing, and as neither counsel is required to advance theories they believe at the time to be damaging to the case or meritless in substance.  See Jones v. Barnes, 463 U.S. 745, 750-754 (1983)1966).

Additionally, this Court notes that trial counsel vigorously cross-examined the victim, and successfully managed to have the victim confess her inability to clearly identify Petitioner. Trial counsel further managed to get the trial judge to dismiss two of the counts of the indictment against Petitioner at the end of the State's case.

Petitioner's appellate counsel raised three claims on Petitioner's behalf, one of which resulted in a thorough examination of Petitioner's identification claims.  Simply

12

because appellate counsel was not successful does not imply that he was ineffective.

Further, neither trial or appellate counsel were ineffective for failing to assert the unreliability of cross-racial identification as there was no provision, statute or opinion at that time which required it.  See <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 384 (1986)("The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances.")(citing <u>Strickland</u> at 689).

Therefore, Petitioner has demonstrated neither that counsels' performances were deficient, nor that the results of the trial or appeal would have been different had any perceived deficiency not occurred.  As the state courts applied the correct <u>Strickland</u> standard to Petitioner's claims and reasonably applied the facts, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  These grounds for a writ of habeas corpus are therefore denied.

13

**Petitioner's Grounds Three and Five - Evidence Insufficient to Establish Guilt Beyond a Reasonable Doubt.**

Petitioner next argues that the evidence presented against him was insufficient to support a finding by a jury of guilt beyond a reasonable doubt. In support of his allegation, Petitioner references the erroneous introduction of the voice and in-court identifications.

Both the trial and appellate courts contemplated this claim during the motion for PCR and its appeal. Both rejected this claim. Specifically, the appellate court found that at trial, the victim was cross-examined extensively and during that cross-examination, the victim's uncertainty regarding her identification of Petitioner was made clear to the jury. The appellate court ultimately concluded that the victim's credibility was properly left to the jury to decide, and that credibility determination, coupled with additional evidence of Petitioner's guilt, presented enough evidence to support a verdict of guilty.

A claim that the jury's verdict was against the weight of the evidence is "essentially a matter of state law, and does not raise a federal constitutional question unless the record is completely devoid of evidentiary support in violation of Petitioner's due process." Douglas v. Hendricks, 236 F. Supp.2d 412, 435-36 (D.N.J. 2002)(Walls, J.)(citation omitted). A writ should not issue unless "no rational trier of fact could have

found proof of guilt beyond a reasonable doubt." Id. at 436 (citations omitted). As noted, factual determinations by the trial court are presumed to be correct. See Werts v. Vaughn, 228 F.3d 178, 186 (3d Cir. 2000).

After a review of the record, this Court agrees with the state court's determination that there was sufficient evidence to convict Petitioner of the charges against him. The record is not "devoid" of evidence with regard to said charges. As such, this Court will deny Petitioner's Grounds Three and Five.

**Petitioner's Ground Four - Trial Court Error For Failure to Conduct an Evidentiary Hearing.**

Petitioner next contends that the trial court erred by failing to conduct an evidentiary hearing on his petition for PCR.

This Court cannot discern a cognizable federal question regarding whether the trial court should have conducted an evidentiary hearing during Petitioner's PCR motion. A federal habeas motion is not the vehicle with which to allege a violation of state law by a trial court. See Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974) (holding that absent constitutional error, a federal court has no supervisory authority to act or review the actions of state court); see also Cupp v. Naughten, 414 U.S. 141, 146 (1973)(finding that a petitioner' habeas that establishes undesirable actions by a state court is not properly brought before federal court unless said actions violated "some

right which was guaranteed to the defendant by the Fourteenth Amendment"); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988)("errors in the application of state law . . . are usually not to be questioned in a federal habeas proceeding").

As such, Petitioner's challenge to state law matters regarding whether a state trial court erred by not conducting an evidentiary hearing cannot be contemplated by this Court. Petitioner's Ground Four is therefore denied.

**Petitioner's Ground Seven - Trial Court Error for Admitting the Victim's Voice Identification and Permitting Prosecutor to Elicit an In-Court Identification.**

Petitioner's last ground for relief alleges that the trial court erred by admitting into evidence the victim's voice identification and in-court identification.

Whether the identifications were properly admitted before the jury is an evidentiary question, and, generally, federal courts do not sit in review of the validity of a state court's evidentiary ruling. See Lisbena v. California, 314 U.S. 219, 228-29 (1941). For an evidentiary mistake to meet the requirements for granting habeas relief, Petitioner must show that the admission of particular evidence "caused 'fundamental unfairness.'" Kontakis v. Beyer, 19 F.3d 110, 120 (3d Cir.)(quoting Lisenba, 314 U.S. at 236), cert. denied, 513 U.S. 881 (1994). To determine if the evidence caused fundamental unfairness, the Court must apply the harmless error test which states that an error is harmless if it did not have "a

16

substantial and injurious effect or influence in determining the jury's verdict." Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 n.9 (1993)).  Shocking evidence does not meet this standard because, if the evidence is probative, the admission of such evidence is not so egregious that it violates due process. See Lisbena, 314 U.S. at 228-29.

In the instant case, the Court finds that the admittance of the identifications did not cause "fundamental unfairness" in Petitioner's trial.  The jury was privy to substantial cross-examination, and additional evidence independent of the identifications were offered, making the identification evidence "not dispositive."  Further, Petitioner has not demonstrated that the admittance of the identifications influenced the jury's verdict or in any way resulted in a violation of federal law.

Thus, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Accordingly, this ground for a writ of habeas corpus will be denied.

**CONCLUSION**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.


                                                     /s/ Faith S. Hochberg
                                                   United States District Judge


Dated:  May 31, 2006